# Bradley v. Commonwealth.

November 7, 1947.

H. F. S. Bailey, Judge.

Earle M. Nichols for appellant.

Eldon S. Dummit, Attorney General, and J. L. Hughett, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellant, Robert Bradley, has been convicted of the murder of Myrtle Lee Mooney and sentenced to imprisonment for life.

Bradley and the Mooney girl had been living together two or three years on "Punk Row" in Earlington. On Sunday, a week before she was killed, he had brought her home drunk and they had a fuss and fight that night. Her sister and Charley Johnson lived in an adjoining room and they say Bradley choked the girl and threatened to kill her. She left him the next morning and went to stay at the nearby home of one Bennett. Bradley testified that she had been returning to his room to eat and was in a good humor with him. On the following Sunday night, he got his neighbors, Mam and Katherine Woodson, to go to the Bennett house and tell Myrtle he wanted to talk with her. Mam reported that she

did not want to talk with him. Katherine testified that he told Bradley, ''She was afraid to talk to him and she wasn't coming out. She was afraid he would kill her and she wasn't coming out.'' Bradley sent Mam back a second time to try to induce the girl to come out but she would not do so. The Woodsons went elsewhere. Mam had a twelve gauge shotgun and Bradley knew where it was kept. The Mooney girl was shot by twelve gauge shot fired through a window in the Bennett house. There was evidence that someone had been in the yard among the cocklebur bushes, crab and smart grass. Another neighbor testified that Bradley passed through his yard a few minutes before he heard of the Mooney girl having been shot. Bradley came up while the group was there and when told that Myrtle had been killed, he only grunted, ''Umph.'' When arrested at that place he had cockleburs, crab grass seed, smart grass seed and some mud on his breeches. Woodson's shotgun had been taken from his home while he and his wife were away following their unsuccessful mission for the defendant. It was found a month or more later in a neighborhood slough after the water had receded.

Defendant denied the killing. He testified that he was at Dixon's restaurant between seven and ten o'clock that night and was sustained by two witnesses. He explained the incriminating signs on his breeches by saying he had walked a mile through the woods to church that afternoon and had been down in his back yard. Dixon, the restaurant proprietor, was sure that he had closed his place about nine o'clock and nobody had been in there later than eight o'clock.

There is no mystery. The case is far outside the rule that where circumstantial evidence may be reconciled with innocence, it is not sufficient to sustain a conviction. It seems to us that there is abundant evidence of guilt.

The appellant submits that it was prejudicial error to admit the statement of Katherine Woodson that her husband had told the defendant that the girl was afraid he would kill her and would not come outside and see him. We think this was competent. In the first place Woodson and wife were the defendant's own messengers reporting to him. The statement may have been the

exact words of the girl. They were, at least, a very simple, natural and obvious way of grouping a number of facts or statements. Certainly there is no need here for drawing what is sometimes a fine or illogical distinction between opinion and fact.

Nor was it incompetent to admit the testimony of Johnson, that when he and the dead girl's sister went into Bradley's room the previous Sunday night when they were having a fuss and fight and found him violently choking the girl, she told them that he had been trying to kill her. It can not be said that this was not in Bradley's presence, as the appellant contends. Proof of a previous difficulty so well connected up with the killing one week later, within reasonable limitations, as was this evidence, is always competent. The cases cited by appellant are distinguishable on the facts.

The judgment is affirmed.